# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN DONNELL STANLEY,<br><br>Petitioner,<br><br>v.<br><br>DAVID EBBERT, Warden,<br><br>Respondent. | Case No. CV 19-4220 R (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court summarily dismisses this frivolous habeas corpus action.

\* \* \*

1.  Petitioner Stanley is an inmate at the federal prison facility in Lewisburg, Pennsylvania. He filed this habeas action under 28 U.S.C. § 2241 alleging various complaints regarding his prison meals. According to the petition, Mr. Stanley is not receiving the correct meal, the correct utensils, or the correct tray for his food while in custody. (Petition at 3-4.)

2.  Petitioner's habeas filing has no apparent connection to this federal judicial district. He was not criminally convicted in the in the Central District of

California. Rather, according to the petition, he was convicted in a federal court in North Carolina. Moreover, Petitioner is currently housed in a federal prison in Pennsylvania.

* * *

3. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

4. The Court summarily dismisses the action. There is no basis for venue in this federal district. Further, based on the information pled in and derived from the face of the petition, there is no reason to believe that Petitioner could plausibly amend his petition to allege a reason for this California-based federal court to hear his case.

5. And the case is clearly frivolous. Petitioner's allegations that he was not given the proper spoon, fork, or beverage at mealtime hardly rise to the level warranting federal habeas corpus relief. Habeas corpus is reserved for cases "challenging the validity of the prisoner's continued incarceration." Ramirez v. Galaza, 334 F. 3d 850, 856 (9th Cir. 2003). A civil rights action under 42 U.S.C. § 1983 "is the proper remedy" for a prisoner who seeks redress for "conditions of his prison life." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). However, nothing in Petitioner's flippant petition warrants further consideration in this Court or transfer to another federal judicial district.

1     Therefore, the present action is hereby DISMISSED without prejudice.
2     IT IS SO ORDERED.

Dated: 5-30-2019

_____
HON. MANUEL L. REAL
SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE